30290. MARTIN *v.* TURNER.

DECIDED MARCH 4, 1944.

*Charles G. Reynolds,* for plaintiff in error.

*Anderson & Trapnell,* contra.

BROYLES, C. J. (After stating the foregoing facts.) The un-disputed evidence supported the allegations of the petition and de-manded the verdict directed. The defendant's main contention

is that there was a conflict between the testimony of the plaintiff and that of Jesse Aycock, which raised an issue of fact that should have been submitted to the jury.

The undisputed evidence disclosed that the truck, while in the defendant's possession, was wrecked and badly damaged; that the defendant had failed to pay two of the installment notes, when due, to the Commercial Credit Corporation; that the corporation called upon the plaintiff to pay the notes, and he paid them; and that the corporation also instructed the plaintiff to repossess the truck, and he did so, and sold the truck at a private sale for a sum which left a deficiency in the amount due him. Aycock testified that before and after the repossession of the truck, and before it was sold, he and the plaintiff entered into an oral contract for Aycock's purchase of, the truck for a sum that would have left no deficiency. The plaintiff denied making such a contract. However, we do not think that conflict in the evidence raised an issue for the determination of the jury. Assuming that Aycock's testimony was true, the contract was a mere verbal one, and since it involved an amount of more than fifty dollars, was not enforceable. Code, § 20-401, par. 7. The other contentions of the defendant are without merit.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*